UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20449-CR-MIDDLEBROOKS/MCALILEY

UNITED STATES OF AMERICA,

 Plaintiff,

v.

JUAN ROMAN DOMINGUEZ,

 Defendant.

_____/

## **REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

The Honorable Donald M. Middlebrooks referred this matter to me to conduct a change of plea hearing for the Defendant Juan Roman Dominguez. (ECF No. 44). I held that hearing on September 1, 2022, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

1. At the outset of the hearing, I told Defendant of his right to have these proceedings conducted by the Judge Middlebrooks, the presiding District Court Judge. I also advised Defendant that Judge Middlebrooks would sentence Defendant and make all findings and rulings concerning the Defendant's sentence.

2. Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Middlebrooks. Defendant, Defendant's attorney, and the Assistant

United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

3.    I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4.    The parties did not enter into a written plea agreement. They did, however, reach an oral agreement that Defendant would plead guilty to Count 1 of the Indictment, that Defendant conspired to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(a) and (b), and Title 21, United States Code Section 960(b)(1)(B). (ECF No. 3). The government agreed to seek dismissal of Count 2 after sentencing.

5.    The parties agreed to a written factual proffer and had that document with them at the hearing. This was later filed with the Court. Defendant said that he read that factual proffer and agreed to its accuracy; he also confirmed that he signed it. Government counsel identified all of the essential elements of the offenses to which the Defendant plead guilty. The Court reviewed the factual proffer with the Defendant, and he confirmed that it accurately summarizes how he committed the crime charged in Count 1 of the Indictment. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum penalties. Defendant acknowledged that he understood these possible penalties, including the maximum period of life imprisonment and mandatory minimum ten (10) year period of imprisonment.

6.     Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that Defendant was competent and capable of entering an informed plea, and that his guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings and adjudicate Defendant guilty of Count 1 of the Indictment.

7.     The U.S. Probation Office will prepare a pre-sentence investigation report, and the Defendant was advised that his **sentencing has been scheduled for November 15, 2022, at 11:30 a.m., before the Honorable Donald M. Middlebrooks, at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, Courtroom 1155, Miami, Florida, 33132**.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of Count 1 of the Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald M. Middlebrooks, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 1st day of September 2022, at Miami,

Florida.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Donald M. Middlebrooks
        Counsel of record